# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS KING, JOAN KING, and KRISTEN KING, | : : : | No. 3:18cv1549 |
| Plaintiffs | : | (Judge Munley) |
| v. | : : | |
| THE TRAVELERS COMPANIES, INC., THE TRAVELERS INDEMNITY CO., And THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, Defendants | : : : : : | |

## **MEMORANDUM**

Before the court for disposition is a partial motion to dismiss filed by the defendants in this breach of contract action. The motion has been briefed and the matter is ripe for disposition.

**Background**

On May 24, 2014, Plaintiff Nicholas King operated a 2008 Audi Q7 in the Borough of Stroudsburg, Monroe County, Pennsylvania. (Doc. 1-2, Ex. A, Compl. ¶ 5). Plaintiff Kristen King sat in the front passenger seat of the vehicle and Plaintiff Joel King sat in the rear seat. (Id.)

At the same time, Christina Migliaccio operated a 2006 Lincoln town car—a vehicle owned by Pocono Cab Company—and was right behind Plaintiff King's vehicle on Main Street. (Id. ¶ 6). As Plaintiff Nicholas King waited for opposing traffic to clear so that he could make a left hand turn onto Main Street, Migliaccio

struck the plaintiff's vehicle in the rear. This impact caused the plaintiffs to sustain severe personal injuries. (Id. ¶ 8-10).

The plaintiffs' injuries, damages, and medical expenses exceeded the value of Migliaccio and Pocono Cab Company's third-party insurance policy. (Id. ¶ 19).

At the time of the accident, the plaintiffs were covered by an automobile insurance policy issued by Defendant The Travelers Home and Marine Insurance Company (hereinafter "Travelers") that provided the full tort option, which allows the plaintiffs to recover non-economic damages even if their injuries are determined not to be serious. (Id. ¶ 11).

Although the plaintiffs were covered under Travelers's insurance policy, the plaintiffs allege that Travelers not only refused to fully compensate the plaintiffs for their injuries, they also refused to conduct a good faith reasonable investigation in order to effectuate a prompt, fair, and equitable settlement of the plaintiffs' claims. (Id. ¶¶ 11, 18-20, 24).

Based on these facts, the plaintiffs initiated this lawsuit against Travelers, The Travelers Companies, Incorporated, and The Travelers Indemnity Company for breaching the terms of the insurance policy. The plaintiffs' complaint raises the following two causes of action: Count 1, Breach of Contract/Enforcement of Contractual Obligations; and Count 2, Bad Faith. (Id. ¶ 24).

On August 13, 2018, the defendant filed the instant motion to partially dismiss the plaintiff's complaint. First, the defendants seek dismissal of the plaintiffs' bad faith claim. (Id.) Second, the defendants seek to dismiss Defendant The Travelers Companies, Inc. and Defendant The Travelers Indemnity Company from the lawsuit. Because the plaintiffs do not oppose dismissing these parties from the action, those parties will be dismissed. We will, therefore, only address the plaintiffs' bad faith claim.

**Jurisdiction**

This case is before us based upon diversity of citizenship. 28 U.S.C. § 1332(a). Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000. See 28 U.S.C. § 1332(a). Instantly, the plaintiffs are all citizens of Pennsylvania. (Doc.1-2, Ex. A, Compl. ¶ 1-3). Defendant Travelers is a citizen of Connecticut. (Doc. 1, Notice of Removal ¶ 7). The amount in controversy exceeds $75,000. As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

3

**Legal Standard**

The defendants filed their partial motion to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justifying moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch.

Dist., 132 F.3d 902, 906 (3d Cir. 1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d. Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

As stated above, Travelers challenges the legal sufficiency of the plaintiffs' bad faith claim. The Pennsylvania bad faith statute establishes a private cause of action against an insurer that has acted in bad faith toward its insured. See 42 PA. STAT. AND CONS. STAT. ANN. § 8371 (West).

Pennsylvania state and federal courts have held that "'[b]ad faith' on the part of an insurer is any <u>frivolous or unfounded</u> refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent." (emphasis added) Bergman v. USAA, 742 A.2d 1101, 1106 (Pa. Super. Ct. 1999). Conducting a thorough investigation into a questionable claim, being negligent, or exercising bad judgment, alone, is insufficient to establish a bad faith claim. Northwestern Mut. Life. Ins. Co. v. Babayan, 430 F.3d 121, 138 (3d Cir. 2005); Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 373-374 (Pa. 2017).

To test the sufficiency of bad faith claims, Pennsylvania courts apply a two-part test, both elements of which must be supported with clear and convincing evidence: (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim. Rancosky, 170 A.3d 364 at 365; Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

The defendant argues that the plaintiffs' bad faith claim should be dismissed because a mere disagreement over the valuation of a claim does not constitute bad faith. As a result, the defendant avers that the plaintiffs have not pled sufficient facts. The plaintiffs, however, contend that they have pled sufficient facts for a bad faith claim to proceed at this preliminary stage. We agree with the plaintiffs.

The plaintiffs allege that although the insurance policy possessed by Migliaccio and Pocono Cab Company was inadequate to fully compensate them for their injuries, Travelers refused to "offer monies sufficient to fully compensate [p]laintiffs for their injuries . . . in breach of the terms of the applicable automobile insurance policy . . . ." (Doc. 1-2, Ex. A, Compl. ¶ 18-20). The plaintiffs aver with detail and specificity that Travelers also refused to conduct a good faith reasonable investigation in order to effectuate a prompt, fair, and equitable

settlement of the plaintiffs' claims. (Id. ¶ 24). Specifically, paragraph 24 of the complaint sets forth twenty actions taken by the defendant that are specific to bad faith. Based on the facts pled, it is plausible that Travelers acted in bad faith when it failed to conduct an investigation before denying the plaintiffs' insurance claims.

Because the pleadings allege that the defendant failed to conduct a reasonable investigation into the plaintiffs' claims, it appears from the face of the complaint that Travelers denied the plaintiffs benefits with reckless disregard regardless of whether or not such a decision had a reasonable basis. The plaintiff has pled enough facts to raise a reasonable expectation that discovery will reveal evidence of bad faith on the part of the defendant. Viewing these allegations of the complaint as true and in the light most favorable to the plaintiffs, we find that the plaintiffs have pled sufficient facts to justify moving the plaintiffs' bad faith claim beyond the pleadings stage.

**Conclusion**

For the reasons set forth above, we will grant in part and deny in part the defendants' partial motion to dismiss. We will grant the defendants' motion as it relates to dismissing The Travelers Companies, Inc. and The Travelers Indemnity Company from the case. We will deny the defendants' motion to

dismiss as it relates to the plaintiffs' bad faith claim. An appropriate order follows.

**Date: October 11 , 2018**   **BY THE COURT:**

**s/   James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**